UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PETER CORBETT,

        Plaintiff,

v.                                    Civil Action No. 2:10-1053

RONALD DUERRING and
THE KANAWHA COUNTY BOARD OF EDUCATION,

        Defendants.

### MEMORANDUM OPINION AND ORDER

        Pending is defendants' motion, filed October 27, 2010, to file under seal certain exhibits submitted in support of their motion to dismiss.

I.

        Plaintiff initiated this action on August 27, 2010, asserting that defendants terminated plaintiff's employment in retaliation for exercising his First Amendment rights, in contravention of 42 U.S.C. § 1983.  (Compl. ¶ 38).  On October 27, 2010, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted.  In support of their motion, defendants submitted a memorandum of law and six accompanying exhibits.  That same day, defendants also moved to file three of the six exhibits (Exhibits 3, 5, and 6) under seal. Defendants described the three exhibits in question as follows:

> Exhibit 3 is a letter from Defendant Dr. Duerring to
> Plaintiff notifying him of his suspension for
> disrespect and insubordination, and Exhibits 5 and 6
> are excerpts of Plaintiff's sworn testimony at a pre-
> disciplinary hearing before an independent hearing
> regarding charges including insubordination.

(Defs.' Mem. in Supp. of Mot. to Seal at 5).  By order entered November 9, 2010, the court directed that these exhibits remain provisionally under seal pending further order.

As grounds for their motion to seal, defendants assert that the exhibits should be sealed "out of an abundance of caution because of the uncertainty as to the public nature of the documents due to the fact that the documents contain personnel matters created during [plaintiff's] employment with [the Kanawha County Board of Education]."  (Id. at 1).  Defendants note that the exhibits contain "potentially private information" and that "there is no protective order in place governing how to handle" such information.  (Id. at 2).  Accordingly, defendants request that the documents remain under seal until the court or the parties determine the public nature of the documents.

On November 22, 2010, plaintiff responded to defendants' motion to seal, noting simply that he "has no objection to Defendants' request, and therefore does not oppose" the motion.

2

II.

The court notes initially that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000).  The right of public access to court documents derives from two separate sources: the common law and the First Amendment.  The common law right affords presumptive access to all judicial records and documents.  Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).  Quoting Knight, our court of appeals observed recently as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Va. Dept. of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235).

3

The First Amendment right of access has a more limited scope than the common law right, having only "been extended . . . to particular judicial records and documents." Stone, 855 F.2d at 180.  The First Amendment Right of access attaches if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question." Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986).

The First Amendment right of access, however, provides much greater protection to the public's right to know than the common law right.  To avoid disclosure under the First Amendment right of access, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982).

Whether derived from the First Amendment or the common law, the right of access "may be abrogated only in unusual circumstances." Va. Dept. of State Police, 386 F.3d at 576 (emphasis added).  If a court determines that sealing is necessary, it must "state the reasons for [the] decision to seal

4

supported by specific findings," "consider alternatives to
sealing the documents," and "give notice to the public by
docketing the order sealing the documents."  Media Gen.
Operations, Inc. v. Buchanan, 417 F.3d 424, 435 (4th Cir. 2005).

III.

It matters not whether defendants' request is subject
to the less rigorous common law standard or the more rigorous
First Amendment standard, for in this case defendants have failed
to set forth significant competing interests sufficient to
heavily outweigh the public's right of access and overcome the
presumption of access to all judicial records and documents under
the common law.  As earlier noted, the Fourth Circuit has held
that the right of access "may be abrogated only in unusual
circumstances."  Va. Dept. of State Police, 386 F.3d at 576.  The
court sees no unusual circumstances presented by the parties in
this case warranting the need for secrecy.

The lone justification offered by defendants in their
motion to seal is to protect plaintiff's privacy interests.  The
exhibits in question, however, fail to reveal any private
information.  In fact, each exhibit relates to defendants'
decision to terminate plaintiff's employment, an issue squarely

5

raised by plaintiff himself in electing to file this suit. Exhibit 3, for example, is simply a copy of the letter sent by defendant Ronald Duerring to plaintiff notifying plaintiff that he had been suspended indefinitely from his employment.  That defendants took such action is at the heart of plaintiff's § 1983 claim, as evidenced by the complaint's reference to Duerring's letter.  (Compl. ¶ 27).  Similarly, Exhibits 5 and 6, which contain the transcript of plaintiff's disciplinary hearing, merely discuss the events leading to plaintiff's suspension and ultimate termination from his employment.  Inasmuch as these documents were implicated by plaintiff when he elected to pursue this action, defendants cannot reasonably contend that sealing is necessary to protect plaintiff's privacy interests.

### IV.

Accordingly, it is ORDERED that defendants' motion to file certain exhibits under seal be, and it hereby is, denied. It is further ORDERED that Exhibits 3, 5, and 6 in support of defendants' motion to dismiss be, and they hereby are, unsealed and spread upon the public record.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: December 7, 2010

John T. Copenhaver, Jr.
United States District Judge